**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH W. HUNTER,** | : | **CIVIL ACTION NO. 1:05-CV-1990** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHIEF CHARLES KELLER**, et al., | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 12th day of April, 2006, upon consideration of plaintiff's

motion (Doc. 22) for appointment of counsel,[1] and defendants' motion (Doc. 20) to

dismiss for failure to comply with a prior order of court permitting defendants to

depose plaintiff (<u>see</u> Doc. 18), <u>see</u> FED. R. CIV. P. 37(b)(2)(c) ("If a party . . . fails to

obey an order to provide or permit discovery, the court . . . may . . . dismiss[] the

action . . . ."); <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984)

(identifying six factors relevant to deciding whether to dismiss), and it appearing

that the resolution of plaintiff's claims neither implicate complex legal or factual

issues nor require significant factual investigation or the testimony of expert

witnesses, <u>see</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57 (3d Cir. 1993) (listing factors

relevant to a request for counsel), and the court finding that plaintiff is personally

responsible for refusing to be deposed, <u>see</u> <u>Poulis</u>, 747 F.2d at 868 (identifying

---

[1] The court assumes, for the purpose of ruling on the motion, that plaintiff's
claim has an arguable basis in law and fact.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57
(3d Cir. 1993).

"extent of the party's personal responsibility" as a factor), that plaintiff does not

have a history of dilatoriness, <u>see id.</u> (identifying "history of dilatoriness" as a

factor), that plaintiff's refusal to be deposed was willful but not in bad faith, <u>see id.</u>

(identifying "willful" or "bad faith" conduct as factors), that a limited extension on

the discovery and dispositive motions deadline will not prejudice defendants, <u>see id.</u>

(identifying "[p]rejudice to the adversary" as a factor), and that the court cannot, at

this time, discern the meritoriousness of plaintiff's claims, <u>see id.</u> (identifying

"[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The motion (Doc. 22) for appointment of counsel is DENIED.  If further proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of plaintiff.  <u>See Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993).

2. The motion (Doc. 20) to dismiss for failure to comply with an order of court is DENIED.

3. Defendants shall be permitted to conduct an oral deposition of plaintiff in accordance with the Federal Rules of Civil Procedure.  (<u>See</u> Doc. 18.)

4. Plaintiff's failure to submit to a deposition will result in the dismissal of this case.  <u>See</u> FED. R. CIV. P. 37, 41(b).

5. The current pretrial schedule (Doc. 3) is MODIFIED as follows:

   a. All fact discovery shall be completed by Friday, May 26, 2006.

   b. Dispositive motions <u>and</u> supporting briefs shall be filed on or before Wednesday, June 14, 2006.

   c. A pretrial/trial schedule shall be issued by future order of court.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge