IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH W. HUNTER,** | : CIVIL ACTION NO. 1:05-CV-1990 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **CHIEF CHARLES KELLER, et al.,** | : |
| **Defendants** | : |

### **ORDER**

AND NOW, this 7th day of March, 2007, upon consideration of defendants' motion (Doc. 37) to dismiss for failure to provide complete discovery responses,[1] see FED. R. CIV. P. 37(a)(3) (stating that an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond" for purposes of assessing sanctions); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss as a sanction),[2] and the court finding that plaintiff is personally responsible for refusing to provide complete discovery responses, see id., 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor); see also Divito v. C.M.S. Dep't, No. Civ. 05-0438, 2006 WL 756014, at *2 (D.N.J. Mar. 17, 2006) (stating that *pro se* plaintiffs

---

[1] Plaintiff provided answers to interrogatories and deposition testimony; however, he refused to discuss his conduct at the time of the events described in the complaint or to identify the four individuals who witnessed those events. (Doc. 37 ¶¶ 5, 9.)

[2] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

bear "sole responsibility" for their failure to "comply with discovery requests"), that plaintiff's conduct has prejudiced defendants by denying them an opportunity to prepare a defense to plaintiff's claims, see id. (identifying "[p]rejudice to the adversary" as a factor); see also Nelson v. Berbanier, Civ. A. No. 1:05-CV-1490, 2006 WL 2853968, at *1 (M.D. Pa. Oct. 4, 2006), that plaintiff's prior refusal to be deposed and to provide answers to interrogatories demonstrates a history of dilatoriness,[3] see id. (identifying "history of dilatoriness" as a factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is proceeding *in forma pauperis* in this case (Doc. 34), see id., 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor); see also Divito, 2006 WL 756014, at *3, and that plaintiff's refusal to provide complete discovery responses was willful but not in bad faith,[4] see Poulis. (identifying "willful" or "bad faith" conduct as factors), it is hereby ORDERED that:

1. The motion (Doc. 37) to dismiss for failure to provide complete discovery responses is GRANTED.

---

[3] By order of court dated February 7, 2006, this court directed plaintiff to submit to an oral deposition. (Doc. 18.) Plaintiff refused to comply. (See Doc. 20 ¶ 5.) By order of court dated April 12, 2006, plaintiff was again directed to submit to an oral deposition and advised that his failure to do so would "result in the dismissal of this case." (Doc. 24.) Additionally, plaintiff refused to answer defendants' interrogatories for more than seven months. (See Doc. 27.)

[4] In his response to the instant motion to dismiss, plaintiff explained that he provided incomplete responses because he believed that the information requested "was not relevant" to his case. (See Doc. 43 ¶ 15.)

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

                                   S/ Christopher C. Conner
                                   CHRISTOPHER C. CONNER
                                   United States District Judge